**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RIVAS SIFONTES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 3:26-cv-01352 |
| v. | ) | |
| | ) | |
| ODDO et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM ORDER TEMPORARILY HOLDING DISPOSITION OF PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of Honduras, is currently detained at Moshannon Valley Processing Center and has been held there since at least April 20, 2026. On December 12, 2023, an Immigration judge ordered Petitioner be removed to Honduras. (ECF No. 9-7 at 4–5). That same order granted withholding of removal to Honduras under the Convention Against Torture (CAT). *Id.* at 2. The order became administratively final that same day. On April 21, 2026, the Government notified Petitioner that it intends to remove him to Mexico, a third country. (ECF No. 9-6).

Petitioner filed the present Petition for Writ of Habeas Corpus on July 13, 2026, almost three months after his removal order became final, arguing that his continued detention exceeds the authority granted by 8 U.S.C. § 1231(a)(6) and violates the Constitutional principles underlying *Zadvydas v. Davis*, 533 U.S. 678 (2001).

When an order of removal becomes final, "the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During this 90-day "removal period" detention of the alien is mandatory. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578–79 (2022). The removal period may continue past 90-days "if the alien fails or refuses

to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

Detention of an alien subject to a final order of removal cannot be indefinite. Ordinarily, after six months, an alien may challenge his continued detention as unreasonable. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). If "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to offer such a rebuttal, the alien's detention no longer "bears a reasonable relation to the purpose for which the individual was committed" and Due Process demands release. *Id.* (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)).

In this case, Petitioner brought his challenge after the ninety-day mandatory period of detention had elapsed, but before the six-month period under which a detention is presumptively reasonable to effectuate removal. *Zadvydas*, 533 U.S. at 701. Petitioner correctly contends that this presumption is rebuttable, not an absolute bar to review. The six-month mark is described as a "guide," not an insurmountable bar. *Id*. at 701. *Zadvydas* directed lower courts to "measure reasonableness ... in terms of the statute's basic purpose, ... assuring the alien's presence at the moment of removal." *Id*. at 699. The Court explained, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id*. at 699–700.

Petitioner submits that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future because the Government has only provided a Notice of Removal describing the intent to remove petitioner to Mexico. Petitioner contends that

the Government has provided no other documents or exhibits that identify a receiving country that has assented, or any documents necessary to effectuate Petitioner's removal to Mexico or elsewhere. (ECF No. 11 at 9).

Respondents filed a Response on August 9, 2026, arguing that Petitioner's removal is likely to occur in the reasonably foreseeable future. (ECF No. 9). Respondents contend that the August 6, 2026, Decision to Continue Detention states that on May 29, 2026, while ICE was conducting his removal from the United States, Petitioner was non-compliant and refused to exit his housing assignment, thus subjecting him to mandatory detention under 8 U.S.C. § 1231(a)(1)(C), which extends mandatory detention beyond ninety days if the alien "conspires or acts to prevent the alien's removal subject to an order of removal." (ECF No. 9 at 9). Respondents further contend that Petitioner's habeas petition is premature under the six-month presumption in *Zadvydas*. *Id*. Finally, Respondents argue that Petitioner fails an initial burden to show that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future because he has only provided a bare assertion of such.

Respondents first argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(1)(C) because, on May 29, 2026, "while conducting [Petitioner's] removal from the United States" he "refused to exit [his] housing assignment." (ECF No. 9 at 9). The source for this contention is a Decision to Continue Detention by Immigration and Customs Enforcement, dated August 6, 2026. (ECF No. 9-7). Respondents do not elaborate on the circumstances surrounding the May 29, 2026, incident or how the incident constitutes an act taken to prevent Petitioner's removal under 8 U.S.C. § 1231(a)(1)(C). Respondents do not contend that the Government was actually attempting to remove Petitioner on May 29, 2026, or that Petitioner attempted to or in fact prevented his removal. Respondents make only the conclusory statement that, because Petitioner

refused to exit his housing assignment on May 29, 2026, he is subject to mandatory detention, without citing authority for the proposition beyond 8 C.F.R. §§ 241.4(g)(1)(ii) — which notably requires the Government to provide a Notice of Failure to Comply, which the Government does not contend it actually provided Petitioner, and only lasts until the detainee demonstrates compliance. The Decision to Continue Detention does not indicate what steps Petitioner would need to take to be in compliance with the Order of Removal, nor does any other document provided by Respondents. In these circumstances, the Court cannot conclude that the Petitioner is currently subject to mandatory detention or that *Zadvydas* does not apply to his situation.

Respondents next contend that Petitioner's habeas petition is premature under the six-month presumption in *Zadvydas*. As described at the outset, this presumption is rebuttable and the passage of six months of detention is not an obligatory gateway to relief. It does not automatically authorize a six month period of detention, no matter what. Petitioner replies that the Government's bare legal authority to remove Petitioner to a third country is not proof that his removal is practically available in the near future or that it will actually occur and, if so, when. Petitioner further contends that third-country removal is rare, citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 537 (2021), and specifically alleges that DHS has failed to take any of the steps required under its own policies to effectuate Petitioner's removal to a third country. (ECF No. 11 at 9).

Respondents do not contest these arguments. They are sufficient to shift the burden to the Government to show that there is a significant likelihood of removal in the reasonably foreseeable future. The *Zadvydas* Court specifically acknowledged the inversely proportional nature between the length of time a petitioner is detained and the length of time that counts as the "reasonably foreseeable future." *Zadvydas* 533 U.S. at 701. Even if the Government is not required to produce

voluminous evidence that Petitioner's removal is reasonably foreseeable at this stage, once the mandatory detention period has elapsed, it must provide *something*.

In this case, however, Respondents have provided little beyond a notice of their intent dated April 22, 2026. (ECF No. 9-6). For instance, they have not provided a declaration that a third country has accepted Petitioner or even that the Government is in discussions with a third country to accept Petitioner, or that it has even started and advanced the paperwork necessary for such to occur. They have not stated that the Respondents are waiting for travel documents in any of their filings. The Decision to Continue Detention states that ICE "expects to receive the necessary travel documents to effectuate [Petitioner's] removal," but also states that the pending issuance of those documents is for "*Cuba* or a third country." (ECF No. 9-7) (emphasis added). Thus, considered as a whole, there appears to be substantial ambiguity as to how concrete the Respondents' current removal plans are, or the anticipated landing spot for the Petitioner upon removal. Respondents do not otherwise state when, or whether, or how they expect to receive travel documents to effectuate Petitioner's removal.

In *Ye Xu v. Lowe* the Court found that there was not a significant likelihood of removal when there was no evidence the target country had responded to the travel document application two months after it was submitted or that the government had followed up on that application. No. 26-cv-01017, 2026 U.S. Dist. LEXIS 113431, at *10 (M.D. Pa. May 22, 2026). Here, Respondents do not indicate that a travel document application has even been *submitted*. Because Respondents do not put forth any evidence indicating that Petitioner's removal is actually in the works, it is difficult to conclude on the record as it exists that removal is reasonably foreseeable. *See Singh v. Gonzales*, 448 F. Supp. 2d 1214, 1220 (W.D. Wash. 2006) (no significant likelihood of removal when Government cannot say "when it expects to obtain the necessary travel document");

*Belonogov v. FCI Berlin, Warden*, No. 25-cv-388, 2026 U.S. Dist. LEXIS 88317, at *14 (D.N.H. Apr. 22, 2026) (no significant likelihood of removal when target country could not give an indication on when travel documents would be issued); *Zerai v. Noem*, No. 26-cv-00972, 2026 U.S. Dist. LEXIS 108398, at *20 (C.D. Cal. May 14, 2026) (no significant likelihood of removal when there is no evidence the target country "will respond to the request for travel documents in the reasonably foreseeable future").

Petitioner has met his burden under *Zadvydas.* Respondents have failed to provide sufficient rebuttal evidence to back up the assertion that the Petitioner's removal is reasonably foreseeable, which is under prevailing law a pretty light lift. But, the period of the Petitioner's detention has so far been well within the rebuttable presumption period of *Zadvydas*. So treating that case, as the Court must, as a "guide," the Court concludes that the appropriate course is to provide the Respondents with a brief period of time to demonstrate that the Petitioner's removal proceedings are in fact real and actually advancing in a sufficiently genuine and timely manner that makes Petitioner's removal reasonably foreseeable. Respondents have 10 days to file on the docket the documentary backup of such actions as described above, to the extent they exist. Should that not occur, or if the evidence of such actions be insufficient, the Petitioner will be released, "conditioned on any of the various forms of supervised release that are appropriate in the circumstances." *Zadvydas*, 533 U.S. at 700. The appropriate form of supervised release for Petitioner will be a requirement to abide by the terms of supervision outlined in 8 U.S.C. § 1231(a)(3) and its promulgated regulations, including 8 C.F.R. § 241.5. *See Wazir v. AG of the United States*, No. 26cv536, 2026 U.S. Dist. LEXIS 91137, at *8 (M.D. Pa. Apr. 24, 2026).

In light of the current posture of this case, and the matters set out above, unless the Petitioner is released from custody entirely, his custody shall remain here, in the Western District

of Pennsylvania, subject to further Order of this Court and pending final disposition of this matter in this Court. Counsel for Respondents shall take all steps necessary to make that happen.

AND NOW, this 20th day of August 2026, IT IS HEREBY ORDERED:

- The Petition for Writ of Habeas Corpus, (ECF No. 1) is TEMPORARILY HELD IN ABEYANCE on the terms set out in this Order;
- Respondents shall within 10 days of the date of this Order file on the docket documentary evidence, if any exists, of the actions actually taken as to the removal of the Petitioner and as set forth and more fully described in this Memorandum Order.
- Respondents shall refrain from transferring Petitioner to custody outside the Western District of Pennsylvania subject to further Order of this Court and final disposition of this matter.

The Clerk will hold this case OPEN on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak
Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: August 20th, 2026